*131 OPINION OF THE COURT
Jacqueline M. Koshian, J.
Plaintiffs, having sustained personal injuries as a result of a two-car collision, commenced an action against Wesley A. Carr, the operator, with permission, and Michael P. Romeo, the owner of the second vehicle. It is agreed that the Romeo vehicle is substantially at fault for the accident and so far as the plaintiffs are concerned, the insurance policy issued to Romeo by Lumbermens Mutual Casualty Company (Kemper Group) hereinafter referred to as Lumbermens, a defendant herein, affords the primary coverage. The plaintiffs in the personal injury action believe that the value of the injuries sustained is in excess of the $25,000 limit of the primary insurance policy issued to Romeo, and is also in excess of the $75,000 single limit of each insurance policy, combined, issued by Lumbermens to Rose M. Carr and James C. Carr, both named defendants herein. This action has been brought to determine the amount of liability insurance under the Lumbermens policies which will be available to satisfy any judgment possibly rendered against the said Wesley A. Carr, in favor of the plaintiffs in the underlying personal injury action.
It is undisputed that at the time of the accident, the defendant Wesley A. Carr resided in the same household with his parents, James C. Carr and Rose M. Carr. It is also undisputed that at the time of the accident James C. Carr was the owner of and sole-named insured on a personal auto policy —No. VF 115 690 issued by Lumbermens, covering a pickup truck, for which he was charged and did pay a full single premium rate; and that Rose M. Carr, at the time of the accident, was the owner of and sole-named insured on a personal automobile policy No. VZ 744 103 issued by Lumbermens, covering two motor vehicles, for which she was charged and did pay a full single premium rate. Neither Rose M. Carr nor James C. Carr received the benefit of any discounted premium by reason of their marital status or by reason of their joint residency under one roof. As a "Family Member” Wesley A. Carr, within the terms of the insuring agreement, is designated a "Covered Person” and there is no question that at least 1 of the 2 above-described insurance policies would be available to provide excess coverage to satisfy any judgment forthcoming against him in the personal injury action.
The question here, simply put, is whether or not Wesley A. *132 Carr is entitled to have the two separate insurance policies of his parents "stacked” in order to provide him with excess coverage in the total amount of $150,000. Plaintiffs argue that these two insurance policies can, and should be "stacked” since Lumbermens agreed to issue two separate contracts of insurance with two different named insureds, and did charge and accept payment of two separate premiums. By doing so, plaintiffs contend Lumbermens obligated itself to provide the "Covered Person” Wesley A. Carr with excess insurance in the sujn total of $150,000.
There is no known case law in New York State which clearly decides the subject controversy. However, a few New York courts have addressed related problems and by inference, have indicated that "stacking” would be allowed where two separate and distinct policies with two different insureds exist. In Polland v Allstate Ins. Co. (25 AD2d 16, 17-18 [1966]) the court, although rejecting the plaintiff’s argument that he should be allowed to "stack” his coverage since his single policy insured two automobiles, did state the following: "The cases relied upon by appellant are distinguishable. In Loerzel v. American Fid. Fire Ins. Co. (204 Misc. 115, affd. 281 App. Div. 735) the policy, commonly known as a fleet policy, covered approximately 20 automobiles owned by a trucking corporation and two trucks insured under the same policy were involved in the accident. In the other cases, two or three separate and distinct policies were involved” (emphasis supplied). In Butler v Lumbermen’s Mut. Cas. Co. (72 Misc 2d 489, 490), again rejecting the plaintiffs’ argument for "stacking” medical payments because of two automobiles owned and insured under a single policy, the court stated: "The court is of the opinion that the quoted language means nothing more than to render the policy applicable to whichever automobile insured under the policy was involved in an accident. That the policy under consideration is pne policy and not two separate and distinct policies” (emphasis supplied). The decisions appear to revolve around the number of insurance policies available. The successful plaintiffs have all attempted, in vain, to "stack” their insurance coverage under one policy. Although continually rejecting "stacking”, the courts have, by inference indicated that "stacking” might be allowed if two separate policies of insurance have been issued. (See also, Sisson v Travelers Ins. Cos., 94 AD2d 953.)
Looking beyond the courts in New York State it becomes evident that several sister States have held in favor of "stack *133 ing” insurance coverage in fact situation similar to the subject case. In South Carolina Ins. Co. v Kokay (398 So 2d 1355, 1357) the Supreme Court of Florida held, contrary to an existing antistacking statute, "If the policies have the same named insured, no one covered under both policies, either as a named insured or additional insured, may stack the coverages. However, the last sentence allows any person covered under two policies insuring different named insureds to stack these coverages. One may do this whether he is a named insured under one policy and an additional insured under the other or is an additional insured under both policies, as long as the two policies have different named insureds” (emphasis supplied). In Clayton v Alliance Mut. Cas. Co. (213 Kan 84, 515 P2d 1115), the Supreme Court of Kansas held "stacking” allowable when separate policies were issued to different insureds.
Defendant, Lumbermens, contends that by virtue of two separate clauses set forth in its policy agreement, namely,
"two or more auto policies
"If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy”, and
"other insurance
"If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance”, only one of two policies will provide excess coverage in the amount of $75,000.
The "Two Or More Auto Policies” clause is, in essence, the equivalent of an antistacking statute; and it would appear that the defendant, Lumbermens, drafted this clause to circumvent the holding in Lumbermens Mut. Cas. Co. v Allstate Ins. Co. (51 NY2d 651) which governs the contribution of insurers where multiple policies cover the same risk. "The general rule is, of course, that where there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its limit amount of insurance” (supra, at 655). A reading of the defendant Lumbermens’ "Two Or More Auto Policies” clause seems to say that when two or more policies *134 apply to the same loss the limit is the highest of the two policy limits. However, where two separate policies exist with two different named insureds, both covering the same person (in this case, Wesley A. Carr), one would reasonably expect that the separate coverages could be stacked. This is especially so when, as in the present case, the evidence shows that James Carr and Rose Carr each paid a separate full premium. To expert otherwise would be conceived as either unjust enrichment for the insurer or loss of consideration for one of the insureds.
Defendant, Lumbermens, also relies on its "Other Insurance” clause. This clause requires that Michael P. Romeo’s $25,000 coverage be applied first to cover any judgment, categorizing the Carrs’ policies as excess coverage. This position is reasonable, so long as we keep in mind the facts in this case, namely, that each of the Carrs, Rose and James, paid separate, full premiums for their separate policies. Neither insured was given consideration or discount because of their marital status or their joint residency and as already stated, each paid a full, separate policy premium, losing any benefit available for a multiple car discount. In Sloviaczek v Puckett (98 Idaho 371, 375, 565 P2d 564, 568), the Supreme Court of Idaho, in rejecting the insurer’s argument against "stacking” on the strength of its "Other Insurance” clause, stated, in part: "We do not find injustice in this result. In a case such as this, all of the companies will have collected premiums for their coverage; they should therefore bear the concomitant responsibility. We are aware that insurance rates are adjusted according to the amount of coverage requested and the anticipated liability. It may be that the premium rates currently in effect were based partially on the premise that 'other insurance’ clauses would continue to be viable in Idaho. The issuance of an insurance policy is always a risk taking venture. Calculation of the premium to be charged for that risk is a matter within the special competence of insurance companies.” Rose M. Carr’s policy is "other applicable liability insurance” with respect to James C. Carr’s policy, and James C. Carr’s policy is "other applicable liability insurance” with respect to Rose M. Carr’s policy; therefore, each policy should contribute ratably up to its limit, becoming excess coverage for Wesley A. Carr with respect to Michael P. Romeo’s policy.
Ambiguity is found when reading the "Other Insurance” clause in conjunction with the "Two Or More Auto Policies” clause. The latter clause attempts to restrict coverage to the *135 limit of one single policy where there is other applicable insurance issued by Lumbermens to an insured or spouse residing in the same household, while the "Other Insurance” clause provides for ratable contribution where there is other applicable liability insurance. The two clauses are clearly in conflict with one another creating ambiguity. Since it is well established that insurance contracts are not considered arm’s length transactions, where ambiguity in the terms of the policy agreement is found, the rule in New York State is that such ambiguity must be resolved in favor of the insured and against the document drafter, the insurer.
In conformity with the Vehicle and Traffic Law of the State of New York, the Superintendent of Insurance has promulgated regulations, codified as 11 NYCRR part 60, "Minimum Provisions For Automobile Liability Insurance Policies”. The sections pertinent to this case are section 60.1 (d) (1) (iii) which requires the availability of insurance to cover automobiles not owned by the named insured but driven by a member of the insured’s household, with the permission of the owner, and section 60.1 (g) (2) which states,
"When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below * * *
"(ii) Contribution by limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.”
The "Other Insurance” clause set forth in the two policies in question attempts to meet and does in fact meet the minimum requirements as stated above; however, if one gives credence to the "Two Or More Auto Policies” clause, also contained in the subject policies, then the consequence is elimination of the "Other Insurance” clause, causing the insured to be in noncompliance with the Vehicle and Traffic Law. It becomes apparent that the "Two Or More Auto Policies” provision set forth in the Lumbermens’ insurance policies is void since it is in violation of the New York State Insurance Department regulations.
Justice demands that insureds, who contract in good faith *136 with insurance companies, should be entitled to those benefits for which they have paid valuable consideration. It is the decision of this court that:
1. A separate policy of automobile liability insurance known as a "Personal Auto Policy” was issued by the defendant, Lumbermens Mutual Casualty Company, to the defendant, Rose M. Carr, which said policy was in effect on December 6, 1983, and that the said policy provides excess coverage for the defendant, Wesley A. Carr, up to the maximum limit of $75,000 as indicated on the declaration page of the said policy; and that
2. A separate policy of automobile liability insurance known as a "Personal Auto Policy” was issued by the defendant, Lumbermens Mutual Casualty Company, to the defendant, James C. Carr, which said policy was in effect on December 6, 1983, and that the said policy provides excess coverage for the defendant, Wesley A. Carr, up to the maximum limit of $75,000 as indicated on the declaration page of the said policy; and that
3. Both policies are available to satisfy any claim or judgment against the insureds up to the maximum limit of each policy or a combined total of $150,000.
4. The plaintiffs are awarded the costs and disbursements of this action.