LEWIS C. DI STASI, JR., et al., Appellants, v NATIONWIDE
MUTUAL INSURANCE COMPANY, Respondent.

Third Department, December 10, 1987

### APPEARANCES OF COUNSEL

*Di Stasi & Moriello, P. C. (Lewis C. Di Stasi, Jr.,* of counsel), for appellants.

*Cook, Tucker, Netter & Cloonan, P. C. (Robert E. Netter* of counsel), for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

On August 11, 1984, plaintiff Peter J. Di Stasi (hereinafter Di Stasi) was seriously injured when he was struck by an automobile while crossing a highway as a pedestrian. Di Stasi commenced a personal injury action against the driver of the automobile seeking $1,000,000 in damages. The driver had an insurance policy with a bodily injury liability limit of $10,000 and the parties settled for the amount of the policy. Unfortu-

nately, Di Stasi's damages are significantly in excess of that figure.[1]

At the time of the accident, Di Stasi had an automobile insurance policy with defendant covering his 1974 Datsun automobile. The policy had bodily injury liability limits of $25,000 per person, $50,000 per occurrence. Di Stasi's parents also had a policy with defendant covering a 1981 Dodge owned by his mother and a 1977 Ford owned by his father. This policy had bodily injury liability limits of $300,000/$500,000 and $300,000/$300,000, respectively. Both policies also contained optional "supplementary uninsured motorist coverage", commonly referred to as underinsured motorist coverage, which is described and authorized by Insurance Law § 3420 (f) (2). Di Stasi's policy had underinsured motorist coverage with a limit of $10,000/$20,000, while such coverage in his parents' policy had a limit of $50,000/$100,000.

Di Stasi and his parents (hereinafter plaintiffs) commenced the instant action against defendant seeking a declaration that Di Stasi's coverage consisted of the aggregate limits of the underinsured motorist coverage on each of the family's three covered automobiles, for a total of $110,000. Claiming that their damages exceeded such maximum, plaintiffs also sought payment of $110,000. Defendant answered, contending that Di Stasi's coverage was limited to the $10,000 underinsurance coverage on his own policy. Plaintiffs moved for summary judgment, and such motion was denied. Plaintiffs appeal.

■ Initially, we note that, in opposition to plaintiffs' motion for summary judgment, defendant asserted that adding Di Stasi's parents' underinsurance coverage to his own constitutes impermissible "stacking" of coverage and that, in any event, Di Stasi cannot claim underinsurance coverage in excess of $25,000 since that is the bodily injury liability limit of his policy. There are no other objections raised regarding plaintiffs' claim.[2] Nor are there any triable issues of fact raised regarding the issues in dispute. Thus, since plaintiffs sought a declaration of rights regarding the insurance coverage, Supreme Court should not have simply denied the motion, but should have issued a declaration of the parties' rights.

---

1. It appears that Di Stasi's medical expenses alone were in excess of $20,000.

2. Defendant reserved its right to litigate damages after liability is determined.

There is no dispute that Di Stasi is entitled to coverage under the underinsurance provision of his own policy. It is also clear that, if Di Stasi did not have his own automobile insurance policy, he would be covered under the underinsurance provision of his parents' policy. Defendant's position is that "stacking" of insurance policies is improper and, accordingly, the existence of underinsurance coverage in Di Stasi's policy precludes resort to that provision in his parents' policy. However, the fact that an insured's attempt to make use of more than one policy provision can be labeled "stacking" is not determinative. In each case, the statute and the particular policies must be examined. In our view, the instant case is illustrative of both permissible and impermissible stacking.

■ Plaintiffs contend that since the parents' policy covers two automobiles, and underinsurance coverage with a maximum of $50,000 per person was purchased for separate premiums with regard to each automobile, Di Stasi is entitled to a combined aggregate limit of $100,000 on the underinsurance provision in the policy. We agree with defendant that such contention constitutes impermissible stacking. This court has held that the fact that one insurance policy covers two automobiles does not mean that the insurer issued, in effect, two policies (*Polland v Allstate Ins. Co.*, 25 AD2d 16, 17). The case of *Sisson v Travelers Ins. Cos.* (94 AD2d 953) is analogous to the instant case. There an insured was struck, while he was a pedestrian, by an unidentified vehicle. His parents' automobile insurance policy contained the mandatory uninsured motorist coverage with a maximum of $10,000, and there was no dispute that he was entitled to coverage under such provision. However, it was held that the coverage in the parents' policy of two automobiles did not operate to double the $10,000 limit. In our view, such reasoning is sound and is equally applicable to underinsured motorist coverage. As noted in that decision, the fact that separate premiums are paid for uninsured or underinsured motorist coverage for different automobiles does not support the theory espoused by plaintiffs. Such coverage is related to the vehicles since it applies to the insured as well as persons occupying the vehicles. Thus, separate premiums for multiple vehicles recognizes the increased risk being insured against. Therefore, we agree with defendant that the fact that Di Stasi's parents' policy covers two automobiles does not act to increase the limit of underinsured motorist coverage beyond the $50,000/$100,000 amount stated in the policy.

■ However, we reject defendant's contention that, by vir-

tue of adding underinsured motorist coverage to his own automobile insurance policy, Di Stasi is precluded from resort to that provision in his parents' policy. The two insurance policies involved herein are two separate contracts, each of which contained an underinsured motorist provision which expressly covered Di Stasi. Regarding each policy, the insured paid valuable additional consideration for such coverage. This case is thus unlike *Polland v Allstate Ins. Co. (supra)* or *Sisson v Travelers Ins. Cos. (supra)* which involve one insurance policy. In *Carlino v Lumbermens Mut. Cas. Co.* (136 Misc 2d 130), stacking of insurance policy provisions was authorized where two policies were involved and additional premiums were paid for the optional provisions at issue in each policy. The court noted that to not allow stacking in that situation "would be conceived as either unjust enrichment for the insurer or loss of consideration for one of the insureds" *(supra, at 134).*

The same situation exists here. Di Stasi's parents paid valuable consideration for the optional underinsurance provision and, under the terms of the policy, Di Stasi was covered by such provision. Di Stasi then purchased, for valuable consideration, underinsurance coverage in connection with his own insurance policy. Defendant would have us hold that such action removed Di Stasi from the coverage of the underinsurance provision in his parents' policy. However, the record discloses no evidence that defendant ever reduced the parents' premium in recognition of this loss of valuable coverage or notified them that the clear wording of their policy would be modified to their detriment if a family member purchased a separate policy. Further, the illogic of defendant's position is demonstrated by the fact that, under his parents' policy, Di Stasi had underinsurance coverage with a limit of $50,000/ $100,000. If defendant is correct, by purchasing his own underinsurance coverage with a limit of only $10,000/$20,000, Di Stasi paid more money for less coverage. Such interpretation of the policies cannot be accepted. As stated in *Carlino,* "[j]ustice demands that insureds, who contract in good faith with insurance companies, should be entitled to those benefits for which they have paid valuable consideration" *(supra,* at 135-136). This case is unlike *Matter of Nationwide Mut. Ins. Co. (Miller)* (111 AD2d 438, *lv dismissed* 66 NY2d 604) where, though a husband and wife had separate insurance policies, neither was allowed to stack his or her uninsured motorist coverage with that of the other. We noted there that the

coverage at issue was the minimum mandatory uninsured motorist coverage and neither party had purchased the optional underinsured motorist coverage allowed by Insurance Law § 3420 (f) (2). Here, the parties did purchase such additional coverage.

Finally, one matter raised by defendant in opposition to plaintiffs' motion for summary judgment deserves attention. Defendant argued that even if Di Stasi was covered by the underinsured motorist provision in his parents' policy, the limit would be $25,000, his own bodily injury liability insurance limit, and not $50,000. Insurance Law § 3420 (f) (2) provides that underinsured motorist coverage applies where the bodily injury liability insurance limits of the other vehicle are less than those of the insured. In this case, Di Stasi's bodily injury liability insurance limits are $25,000/$50,000. However, in the statute a limit on underinsured motorist coverage of $100,000/$300,000 is set forth (see, Insurance Law § 3420 [f] [2]). Thus, it is apparent that the insured's bodily injury liability insurance limits serve only to determine whether, in a particular case, the underinsured motorist coverage is applicable, and not as a limit on such coverage.

In conclusion, plaintiffs are entitled to a declaration that Di Stasi is covered by the underinsured motorist provision in his own policy with a limit of $10,000 along with the underinsured motorist provision in his parents' policy with a limit of $50,000. The matter of actual damages remains to be litigated.

MAIN, MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order reversed, on the law, with costs, and motion granted to the extent that it is declared that plaintiff Peter J. Di Stasi is entitled to the aggregate of coverage under the underinsured motorist provision of policy No. 66B901571, with a limit of $10,000 per person, and the underinsured motorist provision of policy No. 66D406234, with a limit of $50,000 per person.