ANNUNZIATA CARLINO et al., Respondents, v LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, and WESLEY A. CARR, Respondent, et al., Defendants.

Fourth Department, November 15, 1988

## APPEARANCES OF COUNSEL

*Noonan, Mahoney & Yunker (Donald Mahoney* of counsel), for appellant.

*Walsh, Roberts & Grace (Gerald Grace, Jr.,* of counsel), for Annunziata Carlino and another, respondents.

*Maghran, McCarthy & Flynn (Kevin Ketchum* of counsel), for Wesley A. Carr, respondent.

## OPINION OF THE COURT

BALIO, J.

We hold that where an insurer has issued two separate policies to spouses residing in the same household and where both policies apply to the same accident, each automobile liability insurance policy may provide that the insurer's maximum liability shall be limited to the higher limit of either policy, rather than the cumulative limits of both policies.

### FACTS

On December 6, 1983, plaintiffs allegedly sustained injuries in a two-car accident. One of the vehicles involved in that accident was owned by Michael Romeo and was being driven by Wesley Carr. The Romeo vehicle was insured by defendant Lumbermens, and the policy afforded primary coverage with a $25,000 limit. Defendant Lumbermens had also issued separate policies to James and Rose Carr, Wesley's parents, and each of these policies had a liability limit of $75,000. Wesley resided with his parents and, thus, was a covered person under both policies.[*] The Carr policies contained a so-called "other insurance" provision, stating that where other liability insurance was available to answer for a claim, Lumbermens would pay only its share of the loss, which was defined to be the proportion of its limit of liability to the total limits of all available insurance. Each policy also had a provision stating, "TWO OR MORE AUTO POLICIES If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the

---

[*] The inclusion of Wesley as a covered person did not enlarge the limits of liability contained in the policy *(see,* 70 NY Jur 2d, Insurance, § 1485).

policies shall not exceed the highest applicable limit of liability under any one policy." The term "you" was defined to include a spouse residing in the same household.

Plaintiffs commenced an action against Wesley Carr. In that action, defendant Lumbermens took the position that one, but not both, of the policies issued to the Carrs was available to satisfy plaintiffs' claim. Plaintiffs commenced the subject action, seeking a judgment declaring that both policies were available pursuant to the "other insurance" clause of each policy.

The trial court found that the policies issued to the Carrs were ambiguous; that the "two or more auto policies" provision was written to circumvent the decision in *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.* (51 NY2d 651); and that the "two or more auto policies" provision did not comply with the minimum provision requirements of the insurance regulations (11 NYCRR 60.1 [g] [2]; *see, Carlino v Lumbermens Mut. Cas. Co.,* 136 Misc 2d 130).

### DISCUSSION

We disagree with the trial court's analysis and conclusion. The inclusion of an "other insurance" clause and a "two or more auto policies" condition within the same policy does not render the policy ambiguous. Each provision should be accorded its plain meaning and when so construed, the policy may be read to provide liability coverage except where the insurer has issued more than one applicable policy to spouses residing in the same household. In that exceptional circumstance, only the policy having the higher amount of coverage would be available to cover the loss.

The policies were not written to circumvent the holding in *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.* (51 NY2d 651). The language of each policy was written a year prior to the court's decision and for reasons discussed below, there was no need to circumvent the holding in that case.

The principal issue is whether the "two or more auto policies" clause is unenforceable because it fails to satisfy the minimum requirements of the insurance regulations (11 NYCRR 60.1). Section 60.1 of the regulations mandates that every owner's automobile liability insurance policy contain certain minimum provisions. Subdivision (g) sets forth optional provisions regarding the availability of coverage where more than one policy applies to the same loss. The relevant

option in the subject instance is paragraph (2) (ii), which provides,

".The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance. When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below * * *

"(ii) Contribution by limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Paragraph (2) (ii) incorporates what is commonly referred to as the ratable contribution rule. When applicable, this rule requires auto liability insurers whose policies are available to answer for a claim on an excess basis to contribute toward the loss only in the proportion that their policy limits bear to the total limits of all available insurance.

Paragraph (2) (ii) applies, however, only where the "other insurance" is applicable to the same loss on the same basis, and this regulation does not prevent insurers from structuring their policies in a manner that renders the ratable contribution rule inapplicable (see, Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d 651, supra). In the Lumbermens-Allstate case, Allstate had issued three policies which were available to answer for a claim. Lumbermens had also issued a policy that covered the same loss. One Allstate policy and the Lumbermens policy provided that excess coverage would be available only after other excess insurance was exhausted. The court observed that, as a general rule, where more than one policy covers the same risk on an excess basis and each policy purports to be excess to the other, "the excess coverage clauses are held to cancel each other out and each insurer contributes in proportion to its limit amount of insurance" (Lumbermens Mut. Cas. Co. v Allstate Ins. Co., supra, at 655).

The issue was whether Lumbermens and Allstate could structure their excess coverage clauses to provide for a secondary level of excess coverage, thereby rendering inapplicable the rule of ratable contribution. The court held that both insurers could do so. In the subject instance, the Carr policies specifically state that, where the same insurer issues separate policies to spouses residing in the same household, only one policy (the one having a higher limit) shall be available to answer for a claim. Each policy thus states that excess coverage is not applicable to the loss on the same basis, which effectively renders the rule of ratable contribution inapplicable. Because insurers may structure their policies in a manner that renders the rule of ratable contribution inapplicable, we conclude that the unambiguous language of the subject policies accomplished that objective, and that the Carr policies do not contravene the requirements of 11 NYCRR 60.1 (g) (2).

We reject the claim that because the Carrs each paid a full premium for each policy, they expected that their coverages could be "stacked". There is no evidence in the record concerning their expectations, and the language of each policy clearly dispels any notion that the Carrs could reasonably expect both policies to cover the subject claims. The uncontroverted testimony of Lumbermens' underwriter is that had James Carr disclosed the existence of his wife's policy when he applied for insurance, a discount would have been applied, and that Carr is entitled to, and can obtain, a refund reflecting this discount. The fact that an agent accepted a full premium on both policies was, under the circumstances, the result of nondisclosure and administrative error. A full premium on each policy was not required by Lumbermens' rate structure. This case is, therefore, distinguishable from the facts in *Di Stasi v Nationwide Mut. Ins. Co.* (132 AD2d 305), where the insurer's rate structure obliged both Di Stasi and his parents to pay an additional premium for supplemental uninsured motorist coverage and where the insurer claimed that by paying the additional premium, the insureds received less coverage. Because Lumbermens' rate structure allows a discount where more than one policy is issued to spouses residing in the same household, the insertion of the "two or more auto policies" condition does not amount to unjust enrichment. Moreover, we note that the policyholders have raised no claim of unjust enrichment. Though named as defendants, James and Rose Carr have not appeared in the subject action and are not parties to this appeal.

Accordingly, we reverse and direct that judgment be entered declaring that only one of the policies issued to James and Rose Carr is available to answer for plaintiffs' claims and that the maximum limit of defendant Lumbermens' liability for excess coverage is $75,000.

CALLAHAN, J. P. (concurring). I concur in the result reached at Special Term (Carlino v Lumbermens Mut. Cas. Co., 136 Misc 2d 130). The majority finding that the policies were not written to circumvent the holding in Lumbermens Mut. Cas. Co. v Allstate Ins. Co. (51 NY2d 651) is correct. However, I cannot concur with the majority finding that the "two or more auto policies" clause is not in violation of the insurance regulations authorized by the Vehicle and Traffic Law.

In New York, the term "owner's policy of liability insurance" shall mean a policy "(a) Affording coverage as defined in the minimum provisions prescribed in a regulation which shall be promulgated by the superintendent" (Vehicle and Traffic Law § 311 [4] [a]). In accordance with this statute, 11 NYCRR 60.1 (g) was adopted, which requires that 1 of 2 clauses be included in all insurance policies.

"(1) The insurer shall not be liable for a greater proportion of the loss than the applicable limit of liability of the policy bears to the total applicable limit of liability of all other valid and collectible insurance covering the insured against such loss; provided, however, with respect to an automobile, other than a newly acquired automobile, for which insurance is provided under subdivision (d) of this section, the insurance shall be excess insurance over any other valid and collectible insurance.

"(2) The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance. When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision."

If one of these provisions is not included, then coverage "provisions which are equally or more favorable to the in-

sured" can be added (11 NYCRR 60.1; emphasis added). Therefore, the minimum requirement is that an insurance company pay its prorated share of the loss when two or more policies cover the same accident on the same basis. Where the insurance company adds provisions, they cannot usurp this minimum coverage provision and be less favorable to the insured. In my view, the regulation can be read to ensure that the insured will not purchase more than one policy from the same insurer and then find himself duped when the company refuses to pay on each policy.

In this case, it is clear that if the insurance agent for Wesley Carr's parents had obtained separate policies for them with different carriers, plaintiffs would be entitled to full pro rata excess coverage under each policy.

The record reveals that Rose Carr owned a car and her husband James owned a pickup truck. They had these vehicles insured under a combined family policy. Rose Carr was dissatisfied with this arrangement as she felt that her insurance was at risk because of her husband's personal habits. Thus, she asked their insurance agent to issue separate policies on each vehicle. The subject policies were then issued and a full premium was paid for each policy. When the majority state that "[h]ad James Carr disclosed the existence of his wife's policy when he applied for insurance, a discount would have been applied", they disregard the express intent of the insured. It was the agent for Lumbermens who wrote each policy to accomplish the insureds' request for separate coverage. Regarding each policy, the insured paid valuable additional consideration for separate coverage. Thus, separate premiums for multiple vehicles recognizes the increased risk being insured against. Furthermore, not to allow stacking in this situation is unjust enrichment for the insurer or loss of consideration for one of the Carrs (see, Di Stasi v Nationwide Mut. Ins. Co., 132 AD2d 305, 309).

These policies are, under the circumstances of this case, excess insurance over any other valid insurance. For the majority to deny the coverage contracted for by invoking the "spousal" exclusion, is contrary to the intent of the insureds when they purchased additional coverage. Since the regulations were adopted to ensure adequate coverage when separate coverage has been contracted and paid for and the "two or more auto policies" clause violates the mandate of the minimum contract provisions outlined in the regulations (Ve-

hicle and Traffic Law § 311 [4]; 11 NYCRR 60.1 [g]), the order of Special Term should be affirmed.

DENMAN, BOOMER and DAVIS, JJ., concur with BALIO, J.; CALLAHAN, J. P., dissents and votes to affirm, in an opinion.

Judgment reversed, on the law, without costs, and judgment granted, in accordance with an opinion by BALIO, J.