■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, and SCIPIO HILL et al., Respondents. [625 NYS2d 387] —Order unanimously reversed on the law without costs and petition granted in accordance with the following Memorandum: Scipio Hill and his son were injured when struck by an unidentified vehicle while crossing the street. Vehicles owned by Scipio Hill and his wife were insured under separate policies issued by State Farm Mutual Automobile Insurance Company (State Farm). An endorsement to each policy provides supplementary uninsured motorist (SUM) coverage with limits of $50,000 per person and $100,000 per accident. Each endorsement also includes an anti-stacking provision stating that, if the insured has other similar insurance, the insurer's liability is limited to the SUM coverage with the highest limit of liability and the insurer is liable only for that percentage of liability that its liability limit bears to the total of all SUM coverage. Scipio Hill and his son filed a demand for arbitration, asserting that the SUM coverage of the two policies should be stacked and that they are entitled to coverage to the extent of $100,000. State Farm commenced this proceeding pursuant to CPLR 7503 (b) for a stay of arbitration.

Supreme Court erred in denying State Farm's petition. The unambiguous language of each policy precludes the stacking of SUM coverage *(see, Rifkin v State Farm Mut. Auto. Ins. Co., 157 Misc 2d 141).* Department of Insurance Regulation 35-D (11 NYCRR 60-2.3 [e] [III] [Conditions] [7], [8]), though not applicable to this policy, reflects the Department's interpretation that the Legislature did not intend that multiple SUM coverages be stacked *(see, Rifkin v State Farm Mut. Auto. Ins. Co., supra,* at 146). Moreover, although Hill and his wife paid separate premiums, each premium was reduced by a multi-car discount in an amount that far exceeded the premium for SUM coverage. Thus, enforcement of the anti-stacking provision is not inequitable *(cf., Di Stasi v Nationwide Mut. Ins. Co.,* 132 AD2d 305). The court should have granted the petition and stayed arbitration of the claim to the extent that it exceeds $50,000 per person. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Stay Arbitration.) Present— Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.