OPINION OF THE COURT
L. Paul Kehoe, J.
Petitioner moves for an order permanently staying the *791 respondents’ demand for arbitration of their claim for supplemental underinsured motorist (SUM) benefits provided by two separate automobile liability policies issued by petitioner to respondents, who are husband and wife. Petitioner makes this motion on two grounds: first, that respondents seek the full amount of policy proceeds contrary to the insuring contracts which require a setoff for any amount recovered from the underlying tortfeasor; and secondly, that the respondents improperly seek to stack the SUM coverage of two policies.
The undisputed facts are as follows. Respondent Richard Raglan was injured in a two-car accident while operating a vehicle owned by Jacqueline Raglan, his wife. The driver of the other vehicle was insured by Allstate Insurance Company with a liability limit of $10,000 per person. Jacqueline Raglan’s policy provided liability limits of $100,000 and SUM coverage in the amount of $50,000 per person. Richard Raglan’s policy provided liability limits of $50,000 per person and SUM coverage in the amount of $50,000.
Allstate agreed to pay the policy limit of $10,000 on behalf of the underlying tortfeasor. Respondents then asserted a claim for payment of an additional $100,000 under the SUM coverage of the two policies issued to them by petitioner. Petitioner refused to pay proceeds from the SUM coverage on either of the Raglan policies relying on its claim to credit for the payment made on behalf of the underlying tortfeasor and the antistacking language in respondents’ contracts. Respondents assert that petitioner is liable for coverage up to $100,000 while petitioner asserts that its exposure is limited to $40,000.
Petitioner’s claim for setoff of $10,000 for the $10,000 paid by the underlying tortfeasor must be denied. Clauses providing for such setoff are not given effect in New York (see, United Community Ins. Co. v Mucatel, 127 Misc 2d 1045 [Sup Ct, NY County 1985], affd 119 AD2d 1017 [1st Dept 1986], affd 69 NY2d 777 [1987]). Petitioner’s motion in this regard is therefore denied.
Respondents rely upon Di Stasi v Nationwide Mut. Ins. Co. (132 AD2d 305 [3d Dept 1987]) in support of their claim to stacked benefits under the SUM coverage of the policies. Di Stasi involves a claim for SUM benefits under separate policies issued to the injured claimant and his parents. The claimant qualified as an additional insured under his parents’ policy. The claimant and his parents had each paid a full *792 premium for their SUM coverage without any multicar discount resulting from the other policy. The Third Department held that stacking was permissible on the rationale that each policy’s benefits were based upon separate premiums that had not been discounted on account of the reduced exposure that would result from enforcement of the antistacking clause.
The Appellate Division, Fourth Department, has recently addressed the SUM stacking issue in Matter of State Farm Mut. Auto. Ins. Co. (Hill) (213 AD2d 976 [4th Dept, Mar. 17, 1995]). In Hill, a husband and wife had separate insurance policies and paid separate premiums. However, each premium was reduced by a multicar discount in an amount that far exceeded the premium for the SUM coverage. The Court held that enforcement of the antistacking provision was not inequitable in light of the multicar discount.
The instant case falls between the two sets of facts in Di Stasi and Hill (supra). In Di Stasi there was no multicar premium discount, while in Hill both policies had a multicar premium discount. Here, the wife’s premium had a multicar premium discount while the husband’s did not. The policy issued to the wife is the primary source of SUM coverage as it covered the vehicle the husband was driving at the time of the accident. The $50,000 of SUM coverage provided by her policy is thus available to satisfy respondents’ claim. Whether or not the additional SUM coverage in the husband’s policy is available to respondents must be determined in the light of the rationale in Hill. Did Hill turn on the fact that both policies received a multicar premium discount or on the fact that the insureds were related as husband and wife and at least one of them received a multicar premium discount? If it is the former, then the decision here would require a finding that the excess coverage on the husband’s policy is available because he received no multicar premium discount for his policy. Such a rule would have the outcome turn on which of the two policies provided the primary coverage. Here the excess coverage would be available because the husband’s excess policy did not have a multicar discount, even though the wife’s policy that provided the primary coverage did have such a discount.
I do not believe that Hill (supra) turned on such a fine distinction. Rather, it appears that the multicar discount causes the two policies to be read as one policy for determining SUM coverage. Where a single policy insures two automobiles, the SUM coverage cannot be stacked even though SUM coverage was purchased for separate premiums with regard to *793 each automobile (see, Di Stasi v Nationwide Mut. Ins. Co., supra). The amount of SUM coverage available turns not on which of the two insured vehicles is the source of primary coverage. Rather, the determining factor is whether or not a multicar premium discount has been provided in connection with either of the policies against which the claims are asserted. Accordingly, the multicar premium discount provided on the policy of Jacqueline Raglan provides an equitable basis for enforcement of the antistacking provisions of both policies.
It is, therefore, ordered that arbitration of the claim in this matter is stayed to the extent that it exceeds $50,000.