■ In the Matter of Farmers Insurance Exchange Los Angeles California, Appellant, v Estate of Wesley Knippler, Respondent, et al., Proposed Additional Respondent. [727 NYS2d 338] —In a hybrid proceeding pursuant to CPLR article 75, *inter alia,* to stay arbitration and an action for a

judgment declaring that the maximum benefits payable to the decedent's estate under five insurance policies issued by the petitioner is $100,000, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated August 2, 2000, as, in effect, denied so much of the petition as sought the declaration and to direct the respondent to comply with its discovery requests prior to commencing any arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the respondent is directed to comply with the petitioner's discovery requests prior to commencing any arbitration, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the maximum benefit payable to the decedent's estate under the five insurance policies issued by the petitioner is $100,000.

Contrary to the respondent's contention, the policies' "anti-stacking" provisions are enforceable. Therefore, the petitioner's maximum liability under the uninsured/underinsured provisions of the five insurance policies in question is $100,000 (*see, Dudley v Allstate Ins. Co.,* 281 AD2d 941; *Matter of State Farm Mut. Auto. Ins. Co. [Hill]*, 213 AD2d 976). Moreover, the Supreme Court should have directed the respondent to comply with the petitioner's discovery requests as required by the applicable policy provisions.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the petitioner (*see, Lanza v Wagner,* 11 NY2d 317, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.