■ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent-Appellant, v EDWARD DEVITT, JR., Appellant-Respondent. [733 NYS2d 248] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorists benefits, Edward DeVitt, Jr., appeals from an order of the Supreme Court, Rockland County (Meehan, J.), dated November 21, 2000, which granted the petition, and the petitioner cross-appeals from so much of the same order as failed to stay the arbitration on the alternate ground that Edward DeVitt, Jr., settled his claim against the tortfeasor, Julio Pace, without the written consent of the petitioner.

Ordered that the cross appeal is dismissed, as the petitioner is not aggrieved by the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The appellant, Edward DeVitt, Jr., was a passenger in a car driven by Julio Pace which struck a portion of the Newburgh—Beacon Bridge Toll Plaza in Newburgh, New York. The bodily injury limit in Pace's automobile insurance policy was $100,000. The appellant filed a claim for underinsured motorist benefits under an insurance policy issued by the petitioner, Allstate Insurance Company, to his parents. He subsequently settled with Pace's insurance carrier for the full limit of the policy. The limit of the underinsurance benefit contained in the policy issued by the petitioner was also $100,000 and the policy contained an "anti-stacking" provision.

The Supreme Court correctly found, under the circumstances presented in this case, that the appellant is precluded from asserting a claim for benefits under the underinsurance provision of the petitioner's policy because the anti-stacking provision of the policy is enforceable (*see,* 11 NYCRR 60-2.3; *Matter of Farmers Ins. Exch. Los Angeles Cal. v Estate of Knippler,* 285 AD2d 464; *Matter of Brasco v Nationwide Mut. Ins. Co.,* 283 AD2d 493).

In light of our determination, we do not address the alternate ground for affirmance raised by the petitioner (*see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.