William R. Roy, J.
The plaintiff, David F. Butler, has commenced an action against the defendant to recover medical payments under a policy of insurance issued by the defendant.
The defendant issued a policy of insurance covering two automobiles owned by the mother and father of the plaintiff. The policy provided, inter alia, for medical payments coverage of $2,000 on each automobile. The plaintiff, son of the policyholders, was involved in a serious accident in one of the insured vehicles and was severely injured. His medical expenses exceed the sum of $4,000 and the sum of $2,000 has been paid by the defendant pursuant to the policy. The plaintiff claims that the policy issued by the defendant was, in fact, two separate policies, and that he is entitled to receive an additional $2,000 to be applied toward his medical expense. The plaintiff relies heavily on the conditions of the policy, specifically No. 4 which states as follows: ‘ ‘ When two or more automobiles are insured hereunder, the terms of this policy Shull apply separately to each.” *490 Plaintiff, on the basis. of that language, moves for summary judgment and a declaration that the policy issued by the defendant was not one policy but two separate and distinct policies. The court is of the opinion that the quoted language means nothing more than to render the policy applicable to whichever automobile insured under the policy was involved in an accident. That the policy under consideration is one policy and not two separate and distinct policies. (Polland v. Allstate Ins. Co., 25 A D 2d 16.)
The court has read the cases in other jurisdictions cited by the plaintiff, and, although they arrive at different conclusions, the court feels bound by the decision in Polland v. Allstate (supra).
Accordingly, the within motion for summary judgment i$ denied.