Samuel S. Tripp,
Spec. Ref. Reference by consent on the record (CPLR 4317, snbd. [a]) to hear and determine special proceeding for judgment staying the arbitration demanded by respondent under the standard uninsured motorist indorsement attached to petitioner’s automobile liability insurance policy covering respondent’s husband’s car on the date of the underlying accident, which occurred on July 30,1971.
The Appellate Division of the Second Department has held that an “ ‘ Order of Revocation of Non-Resident Motor Vehicle Privileges ’ (Form SR-11F) * * * was sufficient, in the absence of proof to the contrary, to establish that the vehicle which allegedly caused the accident out of which * # * [the] claim arose was uninsured at the time of the accident ’ ’. (Zelanka v. MV AIC, 32 A D 2d 847.) In my opinion, the foregoing applies with equal force to the instant case in which the alleged offending vehicle was registered in New York in the name of a resident owner and it was driven by a resident operator at the time of the accident.
*474 Respondent established by a communication from the Department of Motor Vehicles dated August 30, 1972 (Form FS-8.7) that its records indicated that the motor vehicle owned by Teddy tí. tírapsas and operated by Teresa Quintana on the date of the underlying accident was not then covered by financial security; therefore, “ [T]his department has revoked the operator’s driving license and both the driving license and registration in the name of the owner, pursuant to Section 318 of the Vehicle and Traffic Law.” This was fortified by certified copies of the actual orders of revocation dated August 30,1972 (Form FS-8).
Inasmuch as petitioner had no “ proof to the contrary ”, the orders of revocation were sufficient to establish that the 1971 Chevrolet Vega automobile bearing registration plate No. XP 1133 New York 1971, which allegedly caused injury to the respondent, was not insured at the time of the accident. That respondent has an undetermined and undefended negligence action pending in the Civil Court of the City of New York, County of Queens, against the uninsured owner and the operator of the alleged offending vehicle (Index No. 43471/71), standing alone, does not affect respondent’s right to make claim under the uninsured motorist indorsement attached to petitioner’s policy. (Matter of Alston [Amalgamated Mut. Cas. Co.], 53 Misc 2d 390, 392-393.)
The application for judgment staying the arbitration sought by respondent’s demand dated November 12, 1971 is therefore denied, without costs.
Submit judgment accordingly, directing the parties to proceed to arbitration expeditiously, in accordance with the demand.