■ SPRINGS MILLS, INC., Appellant, v CAROLINA UNDERWEAR CO., INC., Respondent. — Order and judgment (one paper), Supreme Court, New York County (Taylor, J.), entered March 24, 1981, is unanimously modified, on the law, to the extent that petitioner's application for a stay of arbitration is granted as to all claims with respect to goods as to which tender of delivery was made before April 9, 1976, and respondent's motion to compel arbitration is denied as to such claims, and the order and judgment are otherwise affirmed, without costs. Petitioner objects that notice of defects was not timely served as required by section 2-607 (subd [3], par [a]) of the Uniform Commercial Code and the provisions of the standard cotton textile salesnote. This objection raises questions for the arbitrators. But it is not a ground on which the court can stay arbitration, as such notice is not expressly made a condition precedent to the institution of the arbitration proceeding and this case involves a "broad arbitration clause". (*Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 364.) However, CPLR 7502 (subd [b]) provides: "If, at the time that a demand for arbitration was made or a notice of intention to arbitrate was served, the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to the arbitration on an application to the court as provided in section 7503 or subdivision (b) of section 7511." The present is "an application to the court as provided in section 7503". In our view, insofar as the claim relates to goods tendered for delivery before April 9, 1976, "the claim sought to be arbitrated would have been barred by limitation of time had it

been asserted in a court of the state". (CPLR 7502, subd [b].) Respondent bought textile fabrics under 41 separate contracts from petitioner between April, 1973 and April, 1976, the last deliveries being made between April 23 and May 3, 1976. These fabrics were treated with a chemical called TRIS to retard flammability pursuant to the Flammable Fabrics Act (US Code, tit 15, § 1191 *et seq.*). On April 8, 1977 the United States Consumer Product Safety Commission "banned" the use of TRIS treated fabric in children's clothing, apparently because of perceived carcinogenic dangers. Respondent buyer claimed damages because of these transactions and served demands for arbitration dated April 7, 1980 and September 4, 1980. The demands for arbitration characterized the claims as "breach of contract and injuries to property" and "breaches of warranties and tortious conduct". Respondent buyer contends that the case is at least governed by the three-year Statute of Limitations applicable to tort actions for "damages for an injury to property" (CPLR 214, subd 4), and that that statute did not begin to run until the banning of the use of TRIS-treated fabric in April, 1977. Petitioner seller contends that the applicable Statute of Limitations (as distinct from contractual or statutory *notice* provisions) is the four-year statute prescribed by subdivision (1) of section 2-725 of the Uniform Commercial Code, which begins to run "when tender of delivery is made". (Uniform Commercial Code, § 2-725, subd [2].) We agree with petitioner. That is the statute that would have applied had the claim "been asserted in a court of the state". (CPLR 7502, subd [b].) The rule in court actions is that "in applying the Statute of Limitations we look for the reality, and the essence of the action and not its mere name. Whatever we may call this action, it is, so far as the Statute of Limitations is concerned, an action upon the contract". (*Brick v Cohn-Hall-Marx Co.,* 276 NY 259, 264.) And the same rule applies when the claim is asserted by way of demand for arbitration. As the Court of Appeals said in *Matter of Paver & Wildfoerster (Catholic High School Assn.)* (38 NY2d 669, 677): "To be sure, the arbitration limitation statute bars untimely claims, otherwise of a justiciable character, the only kind to which the limitation could apply. Those are claims which on a view of the whole complex of facts would be barred in an action at law." In the present case viewing "the whole complex of facts" "the reality, and the essence of the action and not its mere name", we have a traditional claim by buyer against seller for damages for breach of warranty because of defect in the goods, there being no personal injury, and the damages being simply the lower value of the defective goods and the possible liability of the buyer to his customers for breach of warranty. The action is not for "injury to property," for an injury to property is defined as excluding "the breach of a contract." (General Construction Law, § 25-b.) It follows that the case is governed by the four-year Statute of Limitations prescribed by subdivision (1) of section 2-725 of the Uniform Commercial Code for "[a]n action for breach of any contract for sale". Although demands for arbitration were served in April and September, 1980, we think the September demand may fairly be deemed only an amendment of the April demand and that, accordingly, the claim can be deemed asserted for purposes of the Statute of Limitations on the making of the April demand. The April demand for arbitration is dated April 7, 1980, but it was served by mail and not received by petitioner until April 9, 1980. The rule appears to be that while an application to stay arbitration is deemed made when posted, a demand for arbitration is not deemed made until received. (*Matter of Knickerbocker Ins. Co. [Gilbert],* 28 NY2d 57, 63-64; CPLR 7503, subd [c].) Thus the Statute of Limitations has run as to claims with respect to any goods tendered for delivery before April 9, 1976; it has not run as to goods tendered for delivery on or after April 9, 1976. And that is the dividing line between the claims as to

which arbitration shall be stayed and those as to which arbitration may proceed. In accordance with the statutory proscription, the court does "not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute." (CPLR 7501.) Concur — Carro, J. P., Lupiano, Silverman and Asch, JJ.