OPINION OF THE COURT
Frank R. Bayger, J.
The plaintiff herein was seriously injured on September 5, 1971, when he was struck by an unidentified, hit-and-run motorist while walking on Penora Street in the Village of Lancaster. Plaintiff was then a resident of his father’s household and therefore asserted a claim for those injuries under the terms of the New York uninsured motorist indorsement of his father’s automobile liability insurance policy issued by the defendant Travelers Insurance Company. The policy covered two automobiles owned by the senior Sission and offered separate coverages, for separate premiums, for each autmobile. Plaintiff now seeks summary judgment determining the uninsured motorist coverage applicable to his injuries to be in the amount of $20,000 rather than $10,000 as alleged by the company. Plaintiff contends that since his father was charged a separate premium for uninsured motorist coverage for each of his vehicles he was twice insured in that regard so as to allow a “stacking” of the $10,000/$20,000 coverage afforded each vehicle. I disagree.
In the absence of “supplementary uninsured motorists insurance”, which is admittedly not provided by this policy, subdivision 2-a of section 167 of the Insurance Law *595 limits an insured person’s recovery under New York’s mandatory uninsured motorist indorsement to a maximum of $10,000 regardless of how many such indorsements or policies may be otherwise available (cf. Public Serv. Mut. Ins. Co. v Katcher, 36 NY2d 295; State Farm Mut. Auto. Ins. Co. v Basile, 48 AD2d 868; and see Matter of Spychalski [Utica Mut. Ins. Co.], 88 Misc 2d 129, revd on other grounds 58 AD2d 193; Butler v Lumbermen’s Mut. Cas. Co., 72 Misc 2d 489). The plaintiff’s motion for summary judgment is, therefore, denied and his complaint dismissed.