■ ROY SISSON, JR., Appellant, v TRAVELERS INSURANCE COMPANIES, Respondent. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: While a pedestrian, plaintiff

sustained injuries after being struck by an unidentified motor vehicle. At the time of the accident plaintiff resided in the home of his parents. Roy A. Sisson, plaintiff's father, was then the owner of an automobile insurance policy issued by defendant covering two motor vehicles. The insurance policy was in standard form and included coverage for bodily injures caused by the operation of an uninsured motor vehicle (Insurance Law, § 167, subd 2-a). The insurance policy set the limit of liability under the latter indorsement at $10,000 for each person, on each vehicle, and requires a $2 premium for the stated coverage on each vehicle. It is conceded that plaintiff is an insured person under the definitional terms of the uninsured motorist's indorsement. Special Term denied plaintiff's application for a declaration that he was entitled to recover the $10,000 policy limit for each of the two vehicles covered even though a separate $2 premium was paid for each coverage. We agree. Under the circumstances here presented, plaintiff must look to the uninsured motorist's coverage provisions of the policy in order to recover for noneconomic loss. Uninsured motorist's coverage is a substitute for liability insurance where liability coverage on a particular motor vehicle (e.g., hit-and-run automobile) is unavailable. The insurance policy fixes the limit of liability for injury caused by an uninsured automobile at $10,000 for one person as the result of an accident (Insurance Law, § 167, subd 2-a) and limits plaintiff's recovery, regardless of how many vehicles are covered by the policy (*Matter of Spychalski* [*Utica Mut. Ins. Co.*], 88 Misc 2d 129, revd on other grounds *sub nom. Matter of Spychalski* [*Continental Ins. Cos.*], 58 AD2d 193, affd 45 NY2d 847). That a separate premium was paid for this coverage for each insured vehicle is of no moment. Separate premiums have been paid for all of the itemized coverages on each of the insured vehicles. Contrary to plaintiff's assertion that the insured received no value for the extra $2 premium on the second car, it must be observed that uninsured motorist's coverage protects not only the named insured and his family, but all persons occupying the insured vehicles who are injured by an uninsured vehicle. Thus the ownership and operation of multiple vehicles act to increase the risk being insured against. Plaintiff is no more entitled to "stack" the uninsured motorist's coverage under the policy for each of the vehicles than he would be entitled to claim duplicate first-party benefits under a policy which covered two vehicles with separate premiums assigned to each vehicle. The policy contains the provision that "[t]he eligible injured person shall not recover duplicate benefits for the same elements of loss covered by this coverage". The policy issued was a single contract, although it covered two vehicles (*Polland v Allstate Ins. Co.*, 25 AD2d 16, 17), and plaintiff's recovery is limited thereunder to $10,000 (see *Matter of Spychalski* [*Continental Ins. Cos.*], *supra*, p 197). Since this is a declaratory judgment action, defendant is entitled to a declaration declaring that its maximum liability to plaintiff, under the uninsured motorist provision, is $10,000 (see *Lanza v Wagner*, 11 NY2d 317), and the order is modified accordingly. (Appeal from order of Supreme Court, Erie County, Bayger, J. — summary judgment.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ. [114 Misc 2d 594.]