■ In the Matter of the Arbitration between NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, and RAYMOND G. MILLER et al., Appellants. — Levine, J. Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered July 5, 1984 in Schenectady County, which granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

On September 19, 1978, respondents, husband and wife, were injured in an automobile accident involving an uninsured motorist. Both respondents held separate automobile liability policies with petitioner. The parties subsequently proceeded to

arbitration, where respondents submitted demands against petitioner, pursuant to the uninsured motorist indorsement in their policies, in the amount of "$40,000.00 or maximum coverage on *both* policies, whichever is greater". The arbitrator ultimately awarded respondent Arlene Miller $20,000 and respondent Raymond Miller $16,500. Thereafter, this award was vacated by Special Term on the ground that the arbitrator had exceeded his authority in awarding respondents in excess of the $10,000 per person and $20,000 per accident recovery limits set forth in their policies and mandated by Insurance Law § 3420 (f) (1). The matter was, accordingly, remitted to the arbitrator for a rehearing on the issue of damages. This appeal by respondents ensued.

It is respondents' contention that, because they hold two separate policies, both of which contain limits of $10,000 per injured person and $20,000 per occurrence under the uninsured motorist provisions, they should be permitted to stack this coverage, giving them a combined limit of $20,000 per person and $40,000 per occurrence.

It is uncontested, however, that Insurance law § 3420 (f) (1) limits the recovery of an insured under the uninsured motorist indorsement to $10,000 per person and $20,000 per occurrence (*see,* 30 NY Jur, Insurance, § 1244, at 686 [1963]). Further, the relevant case law has consistently prohibited "stacking" of such insurance coverage in similar situations (*Sisson v Travelers Ins. Co.,* 94 AD2d 953; *Matter of Spychalski [Continental Ins. Cos.],* 88 Misc 2d 129, *revd on other grounds* 58 AD2d 193, *affd* 45 NY2d 847). The prohibition against stacking of coverage makes particular sense in regard to the situation presented by this case. While respondents have two policies, there has only been one "occurrence". Accordingly, the $20,000 limitation is clearly applicable here (*cf. Matter of Allstate Ins. Co. v Libow,* 106 AD2d 110).

Nonetheless, respondents argue that their position is buttressed by the Legislature's amendment in 1977 of former Insurance Law § 167 (2-a) (*now* Insurance Law § 3420 [f] [2]), which permits insureds to increase their uninsured motorist coverage via the payment of extra premiums. Respondents contend that this amendment evidences the Legislature's intent to abrogate the statutory recovery limits. They conclude that it implicitly authorizes the stacking of policies. This argument is unpersuasive. While the stated purpose of this amendment was to "more adequately protect the victims of uninsured drivers" (Memorandum of State Exec Dept, 1977 McKinney's Session Laws, ch 892, § 17, p 2445), the only means expressly provided to achieve this goal was permitting insureds to increase their coverage by the

payment of extra premiums. As respondents failed to exercise this option, the added protection offered by this amendment obviously does not apply to them. Accordingly, they must be content with the stated limits of their coverage.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss and Levine, JJ., concur.