In the Matter of ALLSTATE INSURANCE COMPANY, Petitioner, v VINCENT ORSINI, Respondent.

Supreme Court, New York County, December 5, 1988

### APPEARANCES OF COUNSEL

*Benjamin Purvin* and *Karen Stulgaitis* for petitioner. *Virag & Virag (Michael B. Palillo* of counsel), for respondent.

### OPINION OF THE COURT

ISRAEL RUBIN, J.

Pursuant to CPLR 7503, petitioner seeks a permanent stay of arbitration on the ground that no arbitrable controversy exists.

Respondent allegedly sustained physical injuries on July 7, 1988 when the vehicle he was operating was involved in an accident with an uninsured motor vehicle. At the time of the accident, respondent's wife was the named insured under the automobile insurance policy issued by petitioner which covered four vehicles. The policy included coverage for bodily injuries caused by the operation of an uninsured motor vehicle. Each of the four vehicles was covered by an uninsured motorist/hit-and-run endorsement for $10,000 for each person and $20,000 for each accident.

There is a dispute as to whether respondent served the demand for arbitration on August 15 or August 16, 1988. It is uncontested, however, that petitioner moved to stay arbitration by way of a motion served upon respondent on September 6, 1988.

Subdivision (c) of CPLR 7503 provides that an application to stay arbitration must be made within 20 days after service of the demand. Failure to make an application for a stay within

this 20-day period requires the denial of the application as untimely *(Matter of Jonathan Logan, Inc. v Stillwater Worsted Mills,* 31 AD2d 208, *affd* 24 NY2d 898). The statutory 20-day period is construed as a strict Statute of Limitations (CPLR 7503 [c]; *Gold Mills v Pleasure Sports,* 85 AD2d 527), and lateness of even one day will result in a complete forfeiture of petitioner's right to contest compliance with an arbitration agreement or to challenge the failure to fulfill any condition precedent to arbitration *(Matter of City of New York v Collins,* 126 Misc 2d 377). The courts are without discretion to extend the statutory time period *(Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182).

The parties heatedly dispute whether service of the instant petition to stay arbitration was timely. Respondent contends that the demand for arbitration was received by petitioner on August 15, 1988, based on the date stamped by the postal service on the certified mail return receipt next to the signature of petitioner's agent. Petitioner, however, submits a statement by its agent which indicates that she picked up the demand for arbitration from the post office on August 16, 1988. The documentary evidence, which is supported by the presumption of regularity *(see,* Fisch, New York Evidence § 1139), indicates that the return receipt was not only signed for on August 15th, but also mailed back to respondent on that date.

While it is not credible that both the date stamp and the postmark are incorrect, this issue turns out to be immaterial. Computation of the pertinent time period is governed by General Construction Law §§ 20 and 25-a. Because a demand for arbitration is not considered to have been made until it is received *(Springs Mills v Carolina Underwear Co.,* 87 AD2d 524), the date from which reckoning is made is either August 15th (as respondent maintains) or August 16th (as petitioner alleges). This date is excluded from the applicable time period (General Construction Law § 20). Therefore, the 20th day after receipt is either Sunday, September 4th, or Monday, September 5th (Labor Day). The General Construction Law provides that, where a statute requires an act to be performed within a time period which "ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day" (General Construction Law § 25-a [1]). Therefore, either way, the petition to stay arbitration, mailed on September 6, 1988, was timely (CPLR 7503 [c]).

The grounds stated in support of the petition to stay arbitration are that petitioner "has not had sufficient time to investigate the issue of whether this accident was caused by a hit and run motor vehicle." To aid in its investigation petitioner asks this court to direct respondent to submit to discovery pursuant to CPLR 3102 (c).

■ In support of its request for additional time, petitioner notes that the demand for arbitration was served less than six weeks after the date of loss. It is significant, however, that petitioner does not contend that respondent has failed to furnish "proof of the fact and amount of the loss sustained." Petitioner also does not deny that 30 days elapsed after such proof was furnished, thus rendering the claimed benefits "overdue" (Insurance Law § 5106 [a]). Therefore, it cannot be said that no dispute exists "involving the insurer's liability to pay first party benefits, or additional first party benefits" so as to preclude a resort to arbitration pursuant to Insurance Law § 5106 (b). As to discovery, petitioner has not even suggested why it requires disclosure, much less demonstrated the necessary extraordinary circumstances to warrant issuance of a court order to this effect *(De Sapio v Kohlmeyer,* 35 NY2d 402).

The final issue presented by the petition is whether the amount claimed in respondent's demand for arbitration should be conformed to the coverage available under the policy of insurance. It is apparently respondent's position that, since petitioner issued coverage for four vehicles, he is entitled to collect $10,000 under the coverage provided for each.

■ Respondent is mistaken. The fact that one policy covers more than one vehicle does not mean that the insurer issued, in effect, more than one policy *(Polland v Allstate Ins. Co.,* 25 AD2d 16). That coverage extends to four vehicles insured under a single policy does not operate to quadruple the $10,000 limit on uninsured motorist coverage. Such coverage is tied to each of the separate vehicles and the risk which it represents; coverage extends not only to the named insured but to any person who may occupy the vehicle. Respondent, therefore, may not stack uninsured motorist coverage for each of the vehicles, irrespective of whether such coverage is provided under a single policy or under four separate policies *(Sisson v Travelers Ins. Co.,* 94 AD2d 953).

Accordingly, the petition is granted to the extent of conforming respondent's demand for arbitration to reflect the amount of coverage provided under the policy of insurance. The petition is in all other respects denied and the parties directed to proceed to arbitration.