OPINION OF THE COURT
Edward J. Amann, Jr., J.
The sole issue raised by the parties is whether or not the *385 "stacking” of insurance policies is permitted in the present circumstances. The respondent contends that the tender of payment by the Royal Insurance Company bars further payment under its policy.
In the present case, the petitioner’s decedent was killed in a vehicular accident which occurred in January of 1991. Ms. Laura Mackie, the decedent, had been a passenger in an auto driven by Peter Pacaro. The vehicle was neither registered nor insured.
The Royal Insurance Company had issued a policy covering an auto owned by Ms. Mackie. The amount of uninsured motorist coverage was $50,000, which had been tendered. A second policy, covering members of the household, was issued to Kathleen and Richard Mackie by the Liberty Mutual Insurance Company. The uninsurance motorist coverage was for $100,000.[1] A third policy was issued by Metropolitan Insurance Company to Ms. Mackie’s brother, Thomas Mackie. The uninsured motorist coverage was $50,000. It is this policy which forms the basis for the instant application.
The respondent relies upon a number of cases to support its position.[2] 2 A review of the cases cited in its memorandum of law reveals that they are distinguishable from the facts in the case before the court and accordingly, their holdings are not controlling.
Both the cases of Matter of Allstate Ins. Co. v Orsini (142 Misc 2d 25) and Sisson v Travelers Ins. Cos. (94 AD2d 953) involved fact situations where there was but a single policy with multiple cars insured; whereas in the present case multiple policies exist. The final case cited by respondents on this issue is State Farm Mut. Auto. Ins. Co. v Isler (38 AD2d 966). In that case, in contravention of the language of the policy, the respondent, Isler, settled a case with one carrier before he received the consent of the petitioner, State Farm. Accordingly, the court found the recovery would not have been permitted under State Farm’s policy.
The respondent seeks to distinguish the cases cited by the movant, because they involved different insurance clauses, such as underinsurance or liability/bodily injury provisions, *386 while the present case involved mandatory minimum uninsurance benefits. In essence, the respondent argues that policies may not be stacked because the carriers are required to provide uninsured coverage, whereas other types of insurance, which may be stacked, are provided at an additional fee.
The court is not persuaded by the rationale offered by respondent’s counsel. In the case at bar, each policy was purchased from a different carrier and contained a clause providing that members of the insured’s household would be protected. A separate fee was paid for each policy, and were it not for the existence of the other policies, each policy would have been required to pay the damages. The existence of additional coverage in the present case is fortuitous and adventitious and should not form the basis for a judicial decision. Rather, the rule should be based upon providing coverage without double recovery. Here, the arbitration should include Liberty Mutual Insurance Company and any additional amounts should be divided between the Metropolitan Property and Casualty Insurance Company and Liberty Mutual Insurance Company, up to the limits provided by either the Insurance Law, or the policies’ coverage.
The court would also note that no provision in the policy has been cited as excluding "stacking”, nor has any statute or regulation been found which prevents it.
Accordingly, the petition is granted and the cross petition is denied.

. Ms. Mackie was a member of the household as was her brother.

. The court finds that the application to stay the arbitration is timely. The failure of the respondent to have knowledge of the tender by Royal, as well as the additional insurance coverage, extended its time to object to the arbitration.