■ ALLIED WHOLESALE, INC., Doing Business as ALLIED INTERNATIONAL, Respondent, v ASIA NORTH AMERICA EASTBOUND RATE AGREEMENT, Appellant. [622 NYS2d 940] —Judgment, Supreme Court, New York County (Bruce McM. Wright, J.), entered August 10, 1994, which granted petitioner's motion for a stay of arbitration, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

This is a proceeding to stay arbitration of a contract dispute on the ground that the claim sought to be arbitrated is barred

by the statute of limitations. The demand for arbitration was mailed to petitioner by certified mail within the applicable limitations period, but was received one day after the statute of limitations had expired. The IAS Court held, citing *Springs Mills v Carolina Underwear Co.* (87 AD2d 524), that the mailing of the demand did not effect service since the demand for arbitration is not deemed made until received. Since we believe that the statute of limitations is tolled when the demand for arbitration or notice of intention to arbitrate is mailed, we reverse.

In *Matter of Knickerbocker Ins. Co. (Gilbert)* (28 NY2d 57, 65-66), the Court of Appeals noted that "for purposes of the time limitations imposed on the one seeking arbitration, he * * * it would seem, should be deemed to satisfy any time limitations applicable to him if he posts his notice to arbitrate within the time limited." *(See also, Matter of Andy Floors [Tyler Constr. Co.],* 202 AD2d 938; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7503:9, at 364; Siegel, NY Prac § 590, at 947 [2d ed].) A rule which provides that service is complete upon mailing is a sound one. It allows a claimant to determine with certainty when its claim has been made and to control whether the claim has been timely interposed. While our decision in *Springs Mills v Carolina Underwear Co. (supra)* reaches a contrary conclusion, we think it is based on a misreading of *Matter of Knickerbocker (supra)* and we decline to follow it. Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.