■ Peter Cain et al., Respondents, v Allstate Insurance Company, Appellant. [650 NYS2d 886] —Spain, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered September 1, 1995 in Albany County, which, *inter alia*, denied

defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff Peter Cain (hereinafter Cain) was seriously injured in a hit and run accident while driving his motorcycle in New Jersey. At the time of the accident, Cain carried an insurance policy on the motorcycle with Universal Underwriters Insurance Company which provided uninsured motorist coverage in the amount of $15,000. Cain also maintained an insurance policy with defendant on a 1979 Ford automobile which provided uninsured motorist coverage in the amount of $50,000. After collecting $15,000 under the Universal policy, Cain made a claim for $50,000 in uninsured motorist benefits provided under defendant's policy. Defendant, by written disclaimer, denied the claim on the basis that Cain had already received benefits under the Universal policy and "New York does not permit stacking of policies". Thereafter, Cain and his wife commenced this action against defendant seeking to recover these benefits. After defendant served its answer, both parties moved for summary judgment. Supreme Court denied defendant's motion and awarded judgment in favor of plaintiffs. Defendant appeals.

Initially, although defendant's policy contained a provision excluding plaintiffs from uninsured motorist coverage because such coverage was available to them under another policy, defendant did not refer to this exclusion in the disclaimer letter. Rather, defendant notified plaintiffs, as a basis for denying their claim, that stacking was not permitted under New York law. Because it was incumbent upon defendant to promptly apprise plaintiffs of the denial of coverage "with a high degree of specificity of the ground or grounds on which the disclaimer is predicated" (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864), we agree with Supreme Court that defendant waived its right to rely upon this policy exclusion.

We also agree with Supreme Court that there is no prohibition against the stacking of the policies under the circumstances presented here. Plaintiffs obtained uninsured motorist coverage under two different policies with two different insurers. Given that plaintiffs paid separate premiums for each policy, they are entitled to collect benefits under each (*see, Di Stasi v Nationwide Mut. Ins. Co.*, 132 AD2d 305, 309; *Matter of Mackie v Metropolitan Ins. Co.*, 152 Misc 2d 384). The cases relied upon by defendant do not compel a contrary conclusion (*see, e.g., Matter of Nationwide Mut. Ins. Co. [Miller]*, 111 AD2d 438, *lv dismissed* 66 NY2d 604; *Sisson v Travelers Ins. Cos.*, 94 AD2d 953).

Lastly, defendant's policy contained a provision reducing the benefits payable to plaintiffs for uninsured motorist coverage by any amounts paid to them under the "bodily injury liability coverage" of defendant's or any other policy. Because the uninsured motorist benefits paid to plaintiffs under the Universal policy were clearly not paid under the bodily injury liability provisions of another insurance policy, we find no reason to reduce the benefits to which plaintiffs are entitled under defendant's policy. Consequently, Supreme Court properly awarded them the full $50,000.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.