American Tr. Ins. Co. v Smiley (2021 NY Slip Op 05807)





American Tr. Ins. Co. v Smiley


2021 NY Slip Op 05807


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 31560/19 Appeal No. 14488 Case No. 2020-02835 

[*1]American Transit Insurance Company, Plaintiff-Respondent,
v
Johann G. Smiley et al., Defendants-Appellants.


Scahill Law Group P.C., Bethpage (Albert J. Galatan of counsel), for appellants.
The Stuttman Law Group, P.C., Purchase (Dennis D. Murphy of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about May 21, 2020, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss this action, based on the execution of a release by the nonparty injured person covered by plaintiff's no-fault additional personal injury protection (PIP) benefits, unanimously affirmed, with costs.
The notice dated September 7, 2017, advising defendants' insurer of the payment of PIP benefits covering the medical bills of nonparty Damaris Ortiz and demanding reimbursement, establishes that plaintiff insurer's "right to subrogation 'accrue[d] upon payment of the loss'" on September 5, 2017 (Fasso v Doerr, 12 NY3d 80, 88 [2009], quoting Federal Ins. Co. v Arthur Andersen & Co., 75 NY2d 366, 372 [1990]). Plaintiff's subrogation examiner, who averred having personal knowledge of the facts, including the date of mailing of the PIP notices identifying her as plaintiff's contact person, properly authenticated this and other notices as business records (see CPLR 4518[a]). Before Supreme Court, defendants did not contest the affiant's assertion that the September 7, 2017 notice was mailed the same day, three days before Ortiz signed the general release in question (see CPLR 2103[b][2] [service completed when mailed]). We disregard defendants' references to purported evidence to the contrary, which was not submitted to Supreme Court on this motion and is not included in the record on appeal (see Bregman v 111 Tenants Corp., 97 AD3d 75, 85 [1st Dept 2012]).
Contrary to defendants' contention, the notices were not required to be sent directly to them, instead of their insurer, which was their "agent acting within the scope of [its] agency" (Center v Hampton Affiliates, 66 NY2d 782, 784 [1985]), and from which plaintiff had already recovered payments it made for another injured individual's medical bills due to defendants' liability arising from the same automobile accident (see Insurance Law § 5105[a]). The insurer's "knowledge" of plaintiff's subrogation right "is imputed to [its] principal[s]," who are "bound by such knowledge although the information is never actually communicated to [them]" (Center, 66 NY2d at 784 [citations omitted]). Notably, prior to plaintiff's first payment of benefits covering Ortiz, the bill of particulars served by Ortiz upon defendants in her personal injury action advised of the expected PIP coverage by plaintiff. As such, defendants "kn[e]w[] or should have known that a right to subrogation exist[ed]" at the time Ortiz signed the general release (Fasso, 12 NY3d at 88; see Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., 240 NY 37, 46 [1925] [tortfeasor "knew or possessed information which reasonably pursued would have given it knowledge of [the] plaintiff's status as an insurer of [the injured party] against claims springing from [the] defendant's fault and that it had become subrogated to various claims of such a character against [*2]the [defendant]").
We reject defendants' contention that five days must be added to the date of service, since, here, there is no "period of time prescribed by law [that] is measured from the service of a paper" (CPLR 2103[b][2]; see also Allied Wholesale v Asia N. Am. Eastbound Rate Agreement, 212 AD2d 472, 473 [1st Dept 1995], citing Matter of Knickerbocker Ins. Co. [Gilbert], 28 NY2d 57, 65-66 [1971] [service of demand for arbitration is complete upon mailing and timeliness is measured by date of mailing]). Defendants' reliance on similar provisions measuring periods of time to request hearings after receiving mailed unemployment decisions, under the Labor Law, and to cure lease violations after receiving a landlord's mailed notice to cure, under the Loft Law, is likewise unavailing (see 12 NYCRR 461.2; Matter of Tartaglia [Aegis Capital Corp.—Commissioner of Labor], 128 AD3d 1304, 1305 [3d Dept 2015], citing Labor Law § 620[2]; see also D&R Realty Corp. v Blakely, 9 Misc 3d 203, 205-209 [Civil Ct, NY County 2005]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021